IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY MORGAN,<br><br>              Plaintiff,<br><br>   v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>              Defendants.               / | No. C 10-04231 JSC<br><br>**ORDER RE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT** |

    Plaintiff Terry Morgan, proceeding pro se, filed this civil action against Defendants, the City and County of San Francisco, Officer Giovannelli and Sergeant Fong, alleging that he was subject to excessive force relating to a jaywalking incident. Defendants filed a motion for judgment on the pleadings, and a motion to dismiss, or alternatively, motion for a more definite statement. Plaintiff has not filed an opposition to these motions despite being given additional time to do so. Having considered the papers submitted in this matter, the Court grants Defendants' motions and grants Plaintiff leave to file an amended complaint.

**BACKGROUND**

    Plaintiff's Second Amended Complaint ("Complaint") filed August 20, 2010 alleges that he was subject to excessive force by Officer Giovannelli and Sergeant Fong for a jaywalking violation. (Dkt. No. 21, Ex. A) The Complaint states that "[p]olice brutality is a violation of ones constitutional rights/suspects/under the 5th amendment protection against cruel and unusual punishment. Also called excessive force. Sometimes used to apprehend a suspect. In this case a

1 simple jay walking in the reason." Id. at p. 13.  The Complaint alleges that there have been "four
2 assaults," but suggests that Defendants, Officer Giovannelli and Sergeant Fong, were only involved
3 in one of the assaults.  Id. at p. 12.  The Complaint also alleges that "[t]hese assaults being the
4 violation of the 5th Amendment a violation of ones Constitutional right / with a Racial Profiling
5 conjunction."  Id. at p. 13.  The Complaint does not specify when or where the assault(s) took place.

6  On January 13, 2011, Defendant City and County of San Francisco filed a motion for
7 judgment on the pleadings.  (Dkt. No. 8)  On January 18, 2011, Plaintiff filed a motion styled as a
8 motion to proceed or settle (Dkt. No. 10) and thereafter a motion to proceed in forma pauperis (Dkt.
9 No. 17).  The Court granted Plaintiff in forma pauperis status on March 9, 2011 and ordered service
10 of the summons and Complaint.  (Dkt. No. 18)  On March 22, 2011, the individual Defendants filed
11 a motion to dismiss or, in the alternative, for a more definite statement.  (Dkt. No. 21)  Plaintiff filed
12 a document titled "a motion for a more definite statement" on May 2, 2011. (Dkt. No. 25)

13  On June 2, 2011, this Court issued an order (1) directing Plaintiff to file a response to
14 Defendants' motions by June 23, 2011, (2) denying Plaintiff's motion to proceed or settle, and (3)
15 denying Plaintiff's motion for a more definite statement to the extent that it was an independent
16 motion rather than a response to Defendants' motions.  To date, Plaintiff has not responded to the
17 Court's order.

## LEGAL STANDARD

19  A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and a
20 motion to dismiss under Rule 12(b)(6) are virtually interchangeable.  See Dworkin v. Hustler
21 Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).   "Under either provision, a court must
22 determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal
23 remedy, and dismiss the claim or enter judgment on the pleadings if the complaint fails to state a
24 legally sufficient claim."  Ross v. U.S. Bank Nat. Ass'n, 542 F. Supp. 2d 1014, 1023 (N.D. Cal.
25 2008).

26  Under Federal Rule of Civil Procedure 8(a)(2), the complaint should include a "short and
27 plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).
28 The complaint must contain "more than labels and conclusions . . . a formulaic recitation of the

elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1950 (2009) (internal quotations omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id.

In both a Rule 12(b)(6) motion and a Rule 12(c) motion, the court assumes all material allegations are true and construes them in the light most favorable to the nonmoving party. See Westlands Water Dist. v. Firebaugh Canal, 10 F.3d 667, 670 (9th Cir. 1993). A pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, the court is not required to accept "conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754–55 (9th Cir. 1994). The court should only grant a motion under Rule 12(b)(6) or 12(c) if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle him to relief." New.Net, Inc. v. Lavasoft, 356 F. Supp. 2d 1090, 1115 (C.D. Cal. 2004). If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**DISCUSSION**

The Complaint in this action does not state when or where the incident(s) giving rise to Plaintiff's claims of excessive force occurred, nor does it describe the incident(s) in detail. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (quoting Twombly, 550 U.S. at 555). Here, the Complaint is so vague that it is impossible to identify the nature of Plaintiff's claims. See Federal Rule of Civil Procedure 12(e). Plaintiff has not pled any facts that would show that Defendants' actions were unlawful. To the

3

1  extent that Plaintiff alleges that the Defendants violated his federal constitutional rights, he must
2  describe what happened and which specific rights were violated.

3  The Court notes that based on Defendants' Case Management Conference Statement
4  ("Statement") filed February 3, 2011 Defendants appear to have some additional information
5  regarding Plaintiff's allegations. See Dkt. No. 12. The Statement indicates that the incident
6  occurred on August 15, 2008 when the two named officers stopped Plaintiff for jaywalking and
7  asked for his identification. See id. at p. 2. The Statement states that Plaintiff attempted to flee and
8  was ultimately detained and handcuffed. See id. However, the burden is on Plaintiff to "state a
9  claim to relief that is plausible on its face" and advise Defendants of the nature of his allegations
10 against them. Iqbal, 556 U.S. ----, 129 S.Ct. at 1949. The complaint is not sufficient "if it tenders
11 naked assertion[s] devoid of further factual enhancement." Id. (internal quotations omitted).

12 To the extent that the Complaint alleges a violation of Plaintiff's federal constitutional rights,
13 it arises under 42 U.S.C. § 1983. Section 1983 provides a cause of action for the "deprivation of any
14 rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42
15 U.S.C. § 1983. To state a claim for relief under Section 1983 "a plaintiff must allege the violation of
16 a right secured by the Constitution and laws of the United States, and must show that the alleged
17 deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S.
18 42, 48 (1988). The allegations in the Complaint are insufficient to state a claim under 42 U.S.C. §
19 1983.

20 Plaintiff's allegations are so general that they fail to give rise to any claim for relief even
21 under the liberal filing standards for pro se litigants. However, Plaintiff shall be allowed the
22 opportunity to amend the complaint in accordance with the instructions below.

23 **CONCLUSION**

24 Based on the foregoing, Defendants' Motion for a Judgment on the Pleadings (Dkt. No. 8)
25 and Motion to Dismiss (Dkt. No. 21) are GRANTED. Plaintiff is granted 30 days leave to file an
26 amended complaint to cure the deficiencies noted above. If Plaintiff elects to file an amended
27 complaint, he must provide specific information about the incident(s) wherein he alleges his
28 constitutional rights were violated including the date and location of the incident(s) and his claims

4

for relief. Plaintiff shall list each claim in a separate section and, under each claim, he must specify which Defendant is being sued and the specific conduct of each Defendant that he alleges violated his rights. Again, within 30 days after the filing date of this Order Plaintiff must file his amended complaint, if any. Failure to file an amended complaint which complies with this Order may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) or failure to state a claim pursuant to Rule 12(b)(6).

**IT IS SO ORDERED.**

Dated: July 14, 2011

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE