IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY MORGAN,<br><br>          Plaintiff,<br><br>   v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, OFFICER D. FONG, #1552, OFFICER GIOVANNELLI, #997,<br><br>          Defendants. | Case No.: CV 10-4231 JSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. No. 39)** |

This section 1983 lawsuit arises out of an August 15, 2008 arrest. Plaintiff Terry Morgan alleges that defendants Officer Fong and Officer Giovanelli used excessive force against him when they arrested him for jaywalking. Plaintiff previously filed an identical lawsuit in California state court, which was dismissed with prejudice. Defendants move for summary judgment on all claims, arguing, in part, that res judicata precludes Plaintiff from litigating these claims again. After carefully considering the evidence properly submitted by the parties, and having had the benefit of oral argument on January 26, 2012, the Court GRANTS Defendants' motion for summary judgment.

## SUMMARY JUDGMENT EVIDENCE

On August 15, 2008 the defendant officers witnessed Plaintiff jaywalking. (Dkt. Nos. 31 at 1, 37 at 2.) When the officers asked for Plaintiff's identification, he informed them that he had none. (Dkt. Nos. 31 at 2, 37 at 2.) Defendants allege that at this point Plaintiff became hostile, and that when they attempted to detain Plaintiff for refusing to provide his identification and comply with other verbal commands, Plaintiff tried to escape on foot. (Dkt. No. 37 at 2.) Plaintiff contends that he attempted to escape after Officer Fong "became hostile and started shoving" him. (Dkt. No. 31 at 2.) After being put into "restraints" by Officer Giovanelli, Officer Fong "bust[ed] [his] lip against the ihop window" nearby. (Dkt. No. 31 at 2.) Upon arrival at the county jail, Officer Giovanelli punched him "until he was out of breath." (Dkt. No. 31 at 2.)

## PROCEDURAL HISTORY

On February 10, 2009, Plaintiff filed a lawsuit in San Francisco Superior Court against then-Officer, now Sergeant Fong, Officer Giovanelli, and the San Francisco Police Department ("SFPD"). (See Dkt. No. 40, Ex. A.) Plaintiff's form complaint listed causes of action for intentional tort, general negligence, and "assault." (Id. at 3.) Specifically, Plaintiff alleged:

> I was assaulted by Officer D. Fong with pushing and shoving. I have prior injuries from an arm robber/resulting to a 12 gauge shotgun blast to my upper right arm. During completion of transportation during a j-walking arrest. Officer-Giovanelli began repeatedly punching me while I was in restraints causing me to fall on the restraint bar bench, dislocating my shoulder. And placing restraints on my wrist until my wrist bled causing a sprained wrist.

(See Dkt. No. 40, Ex. A.)

On July 24, 2009, Plaintiff filed a First Amended Complaint. (See Dkt. No. 40, Ex. B.) After the City's demurrer for failure to state a claim was sustained with leave to amend (id. at

Ex. C), Plaintiff failed to amend his complaint. Then in December 2009, the Court granted Defendants' motion to dismiss the lawsuit with prejudice. (Id. at Ex. D, E.) On September 27, 2010, judgment was entered in Defendants' favor. (Id. at Ex. F.) The San Francisco Superior Court records do no indicate that Plaintiff has appealed this adverse ruling.

On May 7, 2010, Plaintiff filed a second lawsuit in San Francisco Superior Court which was removed by the City to federal court on grounds that the allegations created federal court jurisdiction under 42 U.S.C. § 1983. (Dkt. No. 1 at 2.) Plaintiff subsequently amended the complaint and identified Officer Fong, Officer Giovanelli, and the SFPD as defendants. (See Dkt. No. 40, Ex. G.) The complaint alleges that while arresting Plaintiff, Officer Fong "became hostile and started shoving" Plaintiff (id. at Ex. G) and that Officer Giovanelli punched Plaintiff and slammed him into a "steel restraint bar." (Id.).

Now pending before the Court is Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Dkt. No. 39.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it could affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

Defendants, as the moving parties, have the burden of producing evidence negating an essential element of each claim on which they seek judgment or showing that Plaintiff cannot produce evidence sufficient to satisfy his burden of proof at trial. Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). Once Defendants meet that burden, Plaintiff, as the non-moving party, must show that a material factual dispute exists. California v. Campbell, 138 F.3d 772, 780 (9th Cir.1998). Allegations alone are not sufficient to meet Plaintiff's burden; instead, Plaintiff must submit admissible evidence. Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001). This evidence must be such that a reasonable

trier of fact could return a verdict in Plaintiff's favor.  Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

## DISCUSSION

Because Defendants argue that the prior state court judgment ("Morgan I") precludes Plaintiff from litigating this case, the Court begins by examining when a state court decision has a preclusive effect on a federal proceeding.

The Constitution provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State."  U.S. Const. art. IV, § 1. In order to effectuate this provision and extend its reach to the federal courts, Congress enacted 28 U.S.C. § 1738, which provides that the "Acts, records, and judicial proceedings" of "any State…of the United States…shall have the same full faith and credit in every court within the United States…as they have by law or usage in the courts of such state…from which they are taken."  Section 1738 requires that federal courts "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."  Migra v. Warren City Sch. Dist. Bd. of Ed., 465 U.S. 75, 81 (1984).

In determining the preclusive effect of a state court judgment, the federal courts follow the state's rules of preclusion.  Kremer v. Chem. Const. Corp., 456 U.S. 461, 482 (1982). According to the Supreme Court, "[t]he preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"  Taylor v. Sturgell, 533 U.S. 880, 892 (2008).  Claim preclusion bars successive litigation of a claim on which a final judgment has already been made, whether or not relitigation of the claim raises the same issues as the earlier suit.  Id. (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)).  Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim."  Id. (quoting New Hampshire, 532 U.S. at 748-49).  The rules of claim and issue preclusion apply equally to section 1983 actions in federal courts.  Allen v. McCurry, 449 U.S. 90, 98 (1980).

California's claim preclusion doctrine precludes relitigation of a cause of action where a "valid final judgment on the merits in favor of a defendant" has been issued on the same cause of action. Slater v. Blackwood, 543 P.2d 593, 594 (Cal. 1975). California applies the primary rights theory in determining what constitutes the "same cause of action", under which the invasion of one primary right gives rise to a single cause of action. Id. The "most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action." Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 904 (2002). The primary right theory prevents plaintiffs from invoking the same violation in two lawsuits by either of two means: (1) if the first suit is still pending when the second is filed, the defendant in the second suit may plead that fact in abatement; or (2) if the first suit has terminated in a judgment on the merits adverse to the plaintiff, the defendant in the second suit may set up that judgment as a bar under the principles of res judicata [claim preclusion]." Id. In California, dismissal with prejudice is the equivalent of a final judgment on the merits. Boeken v. Philip Morris USA, Inc., 48 Cal.4th 788, 804 (2010).

Applying these principles to this case leads the Court to conclude, under California's claim preclusion doctrine, that Morgan I precludes Plaintiff from claiming that Defendants used excessive force against him during his August 15, 2008 arrest.

Plaintiff now to enforce the same primary right that he invoked in Morgan I. The instant case presents the identical excessive force issue that Morgan I presented: Plaintiff admitted as much in an October 25, 2011 deposition during which he confirmed that the misconduct that both lawsuits allege is exactly the same. (See Dkt. No. 39, Morgan Depo. at 25:10-12, 25:24-26:5, 26:17-23, Oct. 25, 2011.) Plaintiff's Morgan I complaint listed causes of action for intentional tort and assault (see Dkt. No. 40, Ex. A), and the instant complaint makes claims for "excessive force" and "depravation of rights" in connection with the same arrest (See Dkt. No. 40, Ex. G.) Additionally, the parties to Morgan I and the instant action are the same: Plaintiff lists as defendants Officer Fong, Officer Giovanelli, and the SFPD in both complaints. (Compare Dkt. No. 40, Ex. A, with Dkt. No. 40, Ex. G.)

5

Lastly, the San Francisco Superior Court disposed of Morgan I in a manner that constitutes a final judgment on the merits under California law. The case was dismissed with prejudice, which in California is equivalent to issuing a final judgment on the merits. Boeken, 48 Cal. 4th at 804. Accordingly, claim preclusion bars all of Plaintiff's claims.

## CONCLUSION

All of Plaintiff's claims are barred by claim preclusion as a matter of law. Therefore, Defendants' motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Dated: January 26, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE